## ASSESSMENT UNDER PETITION FOR IMPROVEMENT OF COUNTY ROAD.

Circuit Court of Cuyahoga County.

SAMUEL J. GIBBS v. THE BOARD OF COMMISSIONERS ET AL.

Decided, February 14, 1911.

*Improvement of County Road—Discretion of Commissioners—Two Petitions Can Not be Consolidated.*

1. Proceedings under a petition to the county commissioners "to improve said portion of said road by grading, draining and macadamizing the same for a width of sixteen feet, or by such other method, or with such other materials named in the statute hereinafter referred to, at a cost not to exceed $12,000 per mile, as your honorable board shall deem best," petitioners agreeing that 25 per cent. of the cost and expense may be assessed against them, will not be enjoined though the improvement is made half again as wide, nearly twice as costly and 40 per cent. assessment is levied against the petitioners.

2. Two separate petitions for the improvement of different sections of a state or county road, can not be consolidated by the county commissioners and heard as one for a single improvement, where there is nothing to indicate that they were so intended by the petitioners.

*Thompson & Hine, H. J. Doolittle* and *J. A. Ford,* for plaintiff in error.

*Walter D. Meals* and *John A. Cline,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This action tried here on appeal was commenced by an abutter upon that part of the Kinsman road, which extends from the easterly limits of the city of Cleveland to the center of Warrensville township, to enjoin the unpaid installments of an assessment levied on all the lands abutting on said portion of Kinsman road to pay for its improvement. The improvement as made was half again as wide and nearly as costly as that petitioned for, and forty per cent. of its cost was assessed upon adjoining property instead of only twenty-five per cent. as prayed for. Though some attempt is made to reconcile the

width of the improvement with the width as petitioned for, it is evident that it is not the sixteen feet asked for, but less or more than that width, according to the view to be adopted as to what the improvement properly includes.

The filing of a petition by abutting land owners is of course jurisdictional, as the first step in proceedings by county commissioners to improve a state or county road, under the act "to supplement Sections 2824 and 4637 of the Revised Statutes of Ohio." 94 Ohio Laws, 364; 95 *Id*, 535.

The plaintiff here insists that the petitioners for this improvement imposed conditions as to its width and cost and the per cent. to be assessed, and that these conditions are likewise jurisdictional as limitations upon the authority of the commissioners. The petitioners prayed the commissioners "to improve said portion of said road, by grading, draining and macadamizing the same for a width of sixteen feet or by such other method or with such other materials named in the statute hereinafter referred to, at a cost not to exceed $12,000 per mile, as your honorable board shall deem best. Said petitioners hereby agreeing that your honorable board shall assess one-fourth of the cost and expense of such improvement upon the land abutting upon said road within the above named limits," etc.

In *Wamelink* v. *City of Cleveland*, 40 Ohio St., 381, somewhat similar language contained in two petitions for the improvement of a part of Woodland avenue in said city was construed by the court. One petition prayed to have the roadway of said avenue paved with eight feet of stone on each side and twenty-four feet of wood between the stone; and the other prayed that the same portion of the same avenue "be paved with not less than thirty-two feet wood center treated with the Thilmany process, and balance stone, because it is very probable that a street railroad track will be laid in said avenue, and in that case a less width of wood center, would destroy the driving on wood, as illustrated on Superior street above Erie street." The improvement was made as prayed in the first petition; but jurisdiction to make the improvement was asquired only by counting both sets of petitioners.

In considering Wamelink's claim that not enough had petitioned for the improvement, as made, to authorize the assessment therefor to be levied, the court, by Dickman, J., said at page 385:

"It is contended, in behalf of the plaintiffs in error, that the minority petition was coupled with an indispensable condition, that the pavement should be laid with the designated material in certain quantities, and not otherwise. We do not so understand the language or intention of the petitioners. The gist of their petition was, that stone and wood treated with the Thilmany process should be used in paving the avenue; and the petitioners indicated a preference for a pavement with 'not less than thirty-two feet wood center.' But they certainly did not, either expressly or by implication, design to convey the impression, that if their preference was not followed, they desired to be no longer regarded in the light of petitioners for a wood and stone pavement of any kind. Their language was addressed to the council rather by way of suggestion than as a condition, as is manifest from their endeavor to enforce their choice by the argument, that a street railroad track would probably be laid in the avenue, and in that case, the effect of a less width of wood center than thirty-two feet, would be to destory the driving on the wooden part of the road way. The effort to thus lead the judgment of the council was a virtual acknowledgment, to determine between the two methods respectively asked for by the signers of the majority and minority petitioners."

The language of the petition in the case before us is of the same character, embracing recommendations, rather than conditions, concerning the width and cost of the improvement and the percentage of the cost to be assessed.

There is, however, as suggested during the argument, a grave defect in the proceedings, that is not distinctly raised by the pleadings. The right to make this improvement and to levy the assessment therefor is predicated upon two petitions for the improvement respectively of two sections of the Kinsman road. One covers the portion extending from the easterly limit of the city of Cleveland to the westerly limit of Warrensville township. The other covers the portion extending from the westerly limit of Warrensville to the center of said township. Neither

petition contains any reference to the other or any suggestion that the improvement prayed for is to connect with or become a part of any other or larger improvement. The record of the commissioners' proceedings fails to show that the two petitions were considered jointly or that they were formally consolidated. They appear to have been tacitly treated as constituting but one petition. The proceedings from time to time are sometimes entitled "In re the petition of Thomas C. Skinner and others," and sometimes "In re the petition of Charles Palmer and others." A parenthetical comment in the transcript of the commissioners' record, which is in evidence here, reads as follows: "Note: The Skinner petition and the Palmer petition are the same." In fact they are different petitions, and for different improvements; but they were together treated as one petition for one continuous improvement. We find no authority in the statutes for this procedure. Manifestly it might entail the most inequitable results. If the improvement of one of these sections of the Kinsman road were proportionately more expensive than the improvement of the other, by reason of inequalities in the nature and levels of the ground, or otherwise, an assessment for the cost of both sections levied either according to frontage or benefits upon the lands abutting thereon, will be more burdensome to some abutters than if the improvement for which they are assessed had been confined to their own section of the road, according to the petition filed therefor.

In other words, the commissioners were without authority thus to combine the two improvements and to confuse the burdens of the two sets of abutters. The plaintiff may therefore take leave to amend his petition so as to allege these facts distinctly, and take a decree enjoining the collection of the installments of said assessment that are still unpaid.